Hon. Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
This opinion is written in response to your opinion request of September 14, 1978, which poses the following questions:
QUESTION PRESENTED AND CONCLUSION
Are the two University of Colorado Regent-at-Large positions paired by election law and thus listed alphabetically within the pair? Or, are they two separate positions nominated individually in a primary election, designated separately at a party assembly, and therefore nominated by a specific number of voters at the primary election, even though no primary choice was presented to the voters?
 The Regents of the University of Colorado are state officers within the purview of general elections in C.R.S. 1973, 1-16-102, and are to be nominated in accord with 1-14-201, providing for nomination by primary nomination or by the petition of an independent candidate as provided in section 1-14-301.
ANALYSIS
C.R.S. 23-20-102 establishes the University of Colorado Board of Regents, their selection and terms, under Article IX, section 12
of the Colorado Constitution. Under Colorado law, 23-20-102(c) provides:
 At the general election held in 1978, and each six years thereafter, three regents shall be elected, one of whom shall be a resident of . . . the second congressional district; and two of whom shall be qualified electors of this state and elected at-large by the qualified electors of this state.
Ballot placement for the office of regent-at-large is a unique question under the Colorado Election Code, in that in no other statewide office is there more than one candidate on the general election ballot for more than one position where each candidate is eligible for either undesignated position. The candidates herein, while paired by party on the general election ballot, are nominated independently of one another, and each candidate is eligible for either of the two at-large positions.
The Colorado Election Code does not address the question of ballot placement in the regents-at-large election directly and no Colorado case law speaks to this precise situation.
In your administrative memorandum to Marian Carter, Republican State Chairman, dated June 26, 1978, you stated that "The arrangement of names for the regent-at-large positions on the general election ballot will be by party on voting machines and alphabetical within party listing."
In the absence of statutory or case law on this question, such an administrative determination is within your authority as Secretary of State. Because of the reliance that may have been placed on such a determination, the procedure set forth in that memorandum should be consistently followed for the purposes of the 1978 general election.
SUMMARY
The Secretary of State has the discretion to adopt a policy of arranging names for University of Colorado regent-at-large positions on the general election ballot by party and alphabetical within party listing.
Very truly yours,
 Terre Rushton Asst. Attorney General General Legal Services
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MACFARLANE
ELECTIONS PUBLIC OFFICE EDUCATION, HIGHER
C.R.S. 1973, 23-20-102
C.R.S. 1973, 23-20-102(c) C.R.S. 1973, 1-16-102 C.R.S. 1973, 1-14-201 C.R.S. 1973, 1-14-301
Colo. Const. art. IX, § 12
SECRETARY OF STATE DEPT. Elections, Div. of HIGHER EDUCATION, DEPT. OF University of Colorado
The Secretary of State has the discretion to adopt a policy of arranging names for the University of Colorado regent-at-large positions on the general election ballot by party and alphabetical within party listing.